UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DEVONTE JAQUEZ WARREN, ) <br> # 790800, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CARMEN D. PALMER, ) <br> ) <br> Respondent. ) <br> _____ ) | Case No. 1:17-cv-157 <br><br> Honorable Paul L. Maloney <br><br> **REPORT AND RECOMMENDATION** |

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. On June 1, 2017, respondent filed a motion seeking dismissal of the petition. (ECF No. 5). Petitioner elected not to file a response to respondent's motion. Upon review, I recommend that respondent's motion be granted and that the petition be dismissed because petitioner has not exhausted his available state court remedies.

**Proposed Findings of Fact**

On April 29, 2014, a Kent County Circuit Court jury found petitioner guilty of first-degree premeditated murder, MICH. COMP. LAWS § 750.316; conspiracy to commit first-degree premeditated murder, MICH. COMP. LAWS §§ 750.316 and 750.157a; and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On June 9, 2014, the trial court judge sentenced petitioner "as a second-offense habitual offender, [MICH. COMP. LAWS §] 769.10, to life in prison

without parole for first-degree premeditated murder and conspiracy to commit first-degree premeditated murder, and to two years' imprisonment for possession of a firearm during the commission of a felony." *People v. Warren*, No. 322455, 2015 WL 5314892, at * 1 (Mich. Ct. App. Sept. 10, 2015).

Petitioner's direct appeal was "limited to the issue of whether [he] should have received a life sentence with the possibility of parole." *Id*. The Michigan Court of Appeals vacated petitioner's non-parolable life sentence for first-degree murder and conspiracy to commit first-degree murder and it outlined the procedure that the trial court should follow in determining whether petitioner should receive a life sentence without the possibility of parole. *Id.* at 1-3.

The Michigan Supreme Court denied petitioner's application for leave to appeal. S*ee People v. Warren*, 875 N.W.2d 223 (2016). However, petitioner is awaiting resentencing because the issue of "whether the decision to sentence a person under the age of 18 to a prison term of life without parole under [MICH. COMP. LAWS §] 769.25 must be made by a jury beyond a reasonable doubt," is pending before Michigan's highest court. *People v. Skinner*, 889 N.W.2d 487 (Mich. 2017) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000); *Montgomery v. Louisiana*, 577 U.S. __, 136 S. Ct. 718 (2016); *Miller v. Alabama*, 567 U.S. 460 (2012)).

On February 16, 2017, petitioner filed his habeas corpus petition. (ECF No. 1). Petitioner claims entitlement to federal habeas corpus relief on one ground: "A sentence of life [without] parole for this juvenile offender violates the Cruel and Unusual Punishments Clause of the 8th Amendment." (ECF No. 1, PageID.7).

## Discussion

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has not attempted to carry his burden. The only ground on which petitioner claims entitlement to federal habeas corpus relief is that his sentence of life without parole as a juvenile offender violates the Eighth Amendment's Cruel and Unusual Punishments Clause. (ECF No. 1, PageID.7). The Michigan Court of Appeals has already vacated the challenged portion of petitioner's sentence and he is awaiting resentencing.

The ground raised by petitioner is more accurately described as unexhausted rather than moot, because after the Michigan Supreme Court enters its decision in *People v. Skinner*, petitioner will be resentenced, and he may or may not receive a non-parolable life sentence. Nothing before the Court suggests that petitioner would be unable to seek either a direct appeal of his new sentence or file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.*

**Recommended Disposition**

For the foregoing reasons, I recommend that respondent's motion (ECF No. 5) be granted and that the habeas corpus petition be dismissed.


Dated:   October 24, 2017            /s/   Phillip J. Green
                                      United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).